# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KARLA MICHELLE GONZALEZ §
GUEVARA, §
3434 SPRING DR §
ATLANTA, GA  30360 §
§
*Plaintiff,* §
§
v. §
§    CIVIL ACTION NO.
§
§    _____
UR M. JADDOU, Director, U.S. Citizenship §
and Immigration Services; ALEJANDRO §
MAYORKAS, Secretary, Department   § 
of Homeland Security, §
§
*Defendants.* §

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Karla Michelle Gonzalez Guevara ("Plaintiff" or "Karla") files this Complaint under the

Administrative Procedure Act ("APA") complaining of Ur M. Jaddou, Director, U.S. Citizenship

and Immigration Services ("USCIS"), and Alejandro Mayorkas, Secretary, Department of

Homeland Security ("DHS") (collectively, the "Defendants"), who are responsible for the arbitrary

and capricious denial of Karla's Form I-360, Petition for Special Immigrant Juvenile Status (the

"SIJ Petition"), and in support thereof respectfully states:

### I.    SUMMARY OF THE COMPLAINT

1.    Karla brings this action against the Defendants for violations of the APA,

challenging their rejection of Karla's application for humanitarian relief in the form of SIJ status,

which is available by statute to abandoned, abused, or neglected immigrant children such as her

under 8 U.S.C. § 1101(a)(27)(J) and 8 U.S.C. § 1153.  The Complaint alleges that the denial is arbitrary and capricious, contrary to law, and issued without procedure required by law.  USCIS arbitrarily and capriciously disregarded the findings and rulings contained in the detailed judgment of the 309th Judicial District Court in Harris County, Texas (the "Texas State Court"), which establish that Karla meets each and every federal statutory requirement to be granted SIJ status, and added requirements to the application of 8 U.S.C. § 1101(a)(27)(J) that are not contained in the statute.  USCIS also changed prior positions without proper procedure.  Karla now files this Complaint seeking review under 5 U.S.C. § 706, and asks this Court to hold unlawful and set aside Defendants' denial of Karla's I-360 SIJ Petition.

## II. PARTIES

2.       Plaintiff Karla is a native and citizen of El Salvador.  She currently resides in Fulton County, Georgia.  Previously, she resided in Harris County, Texas.

3.       Defendant Ur M. Jaddou is Director of USCIS, the official charged with managing the agency and supervising subordinate officers.  She is being sued in her official capacity. Defendant Jaddou's office address is 111 Massachusetts Ave. NW, Washington, D.C.

4.       Defendant Alejandro Mayorkas is Secretary of DHS.  He is responsible for the overall administration, implementation, and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103(a).  He is being sued in his official capacity.  Defendant Mayorkas's office address is 3801 Nebraska Avenue NW, Washington, D.C.

## III. JURISDICTION

5.       This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and the laws of the United States, in particular the APA, 5 U.S.C. § 701 *et seq.* The United States has waived its sovereign immunity for claims seeking declaratory or injunctive

relief pursuant to 5 U.S.C. § 702. Jurisdiction is also proper under 28 U.S.C. § 1361 (Mandamus) and 28 U.S.C. § 2201 *et seq*. (Declaratory Judgment Act).

## IV. VENUE

6.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendants are officers or employees of the United States, or agencies thereof, acting in their official capacities; all Defendants reside in this District; and a substantial part of the events or omissions giving rise to the claim occurred in this District.[1]

## V. STATEMENT OF FACTS AND PROCEDURAL HISTORY

***Introduction***

7.        This case challenges the improper denial of Karla's SIJ Petition by USCIS. Before filing her petition for SIJ status, Karla obtained a declaratory judgment from the Texas State Court granting her status as a dependent of that court due to, among other factors, her father's complete abandonment of the family and her mother's ongoing incarceration for child sexual assault of Karla's half-sister. *See Ex. A, Final Order for Declaratory Relief.*

8.        USCIS improperly denied Karla's SIJ Petition on the basis that "[t]here is no indication that the court declared [Karla] dependent or made any determination regarding [her] custody . . . which would demonstrate that the court is providing some type of relief from parental abuse, abandonment, neglect, or a similar basis under state law." *Ex. D, Denial,* at 2.

9.        USCIS's denial ignored and failed to give effect to the Texas State Court judgment expressly declaring Karla to be "**dependent upon this Court in accordance with the law of the**

---

[1] *See Doe v. Mayorkas*, No. CV 20-2521 (JDB), 2022 WL 424978 (D.D.C. Feb. 11, 2022), an action in this District granting Petitioner's motion for summary judgment, denying the government's cross-motion, and remanding to the USCIS for further consideration, where a Texas Court declared the petitioner in that case dependent upon the court in accordance with the laws of the State of Texas, and Defendants failed to apply that declaration as required by law.

**State of Texas . . .**" based upon its findings that Karla's parents *are not fit* to provide adequate care, custody or control over Karla due to the danger to her physical health and safety related to their abandonment and neglect. *Ex. A* at 2 (emphasis added). In expressly finding that Karla to be dependent on the Texas State Court to make care, custody and other best interest determinations whenever they may arise, the Texas State Court was providing relief from her parental abandonment and neglect. The Texas State Court was stripping Karla's parents of their decision-making rights and granting such authority to itself through the vehicle of dependency. *Id*. at 2–3. Upon granting such an Order, any actions or decisions related to Karla's best interests would have to be heard before the Texas State Court, as it had determined that her parents no longer have the presumptive authority to do so. *Id.*

10.     The Texas State Court judgment conclusively refutes the basis for USCIS's denial of Karla's SIJ Petition, since that court expressly made the very finding that USCIS wrongly said it had not made. Earlier this year, this Court reversed USCIS for making exactly the same error as to a Texas SIJ petitioner. *See Doe v. Mayorkas*, No. CV 20-2521 (JDB), 2022 WL 424978 (D.D.C. Feb. 11, 2022).

### *Legal Requirements for SIJ Status*

11.     Congress created the SIJ status classification in enacting the Immigration Act of 1990. SIJ status was created by statute to provide a path to lawful permanent residency for certain vulnerable children for whom it would not be in their best interest to return to their home county. Specifically, SIJ status is granted when a designated juvenile court determines that a child cannot be reunified with one or both parents due to abuse, neglect, abandonment, or a similar basis found under state law.

12.     Visas are allocated to immigrant juveniles with SIJ status by statute under 8 U.S.C.

§ 1153(b)(4).  There are five statutory requirements for an immigrant to obtain SIJ:

> (1) The immigrant must have been "declared dependent on a juvenile court located in the United States";
>
> (2) Reunification of the immigrant with one or both parents must not be viable "due to abuse, neglect, abandonment, or a similar basis found under State law";
>
> (3) An administrative or judicial tribunal must determine that it would not be in the immigrant's best interest to return to his or her home country;
>
> (4) The immigrant must be under twenty-one years old and unmarried at the time he or she applies for SIJ; and
>
> (5) The Secretary of Homeland Security must consent to the grant of SIJ.

8 U.S.C. § 1101(a)(27)(J).

13.     In deciding whether a petitioner is "dependent" on a state court, statutory language, congressional intent, and agency interpretation provide that state law is determinative.  *See* 8 U.S.C. § 1101(a)(27)(J)(i) (requiring the immigrant to be "declared dependent on a juvenile court located in the United States . . . under State law"); 8 C.F.R. § 204.11(c)(1) ("The juvenile court must have made certain judicial determinations . . . under State law."); H. R. Rep. No. 105-405, at 130 (1997) (Conf. Rep.) ("The conferees intend that the involvement of [federal agency adjudicators] is for the purposes of determining special immigrant juvenile status **and not for making determinations of dependency status.**") (emphasis added).  A federal agency is charged with applying and interpreting only its own statute, and in doing so must accept state court rulings as to laws outside that statute such as the Texas laws regarding dependency.

### *Karla Obtains the Dependency Order*

14.     On January 25, 2018, Karla, represented by counsel, appeared before the Texas State Court, which is a Texas family court, to petition for declaratory relief regarding dependency,

neglect and abandonment.  Pursuant to Texas Government Code § 24.601, the Texas State Court functions, for purposes of SIJ Status, as a juvenile court as defined under Immigration and Nationality Act § 101(a)(27)(J)(i). Under Section 24.601 of the Texas Government Code, such courts have jurisdiction in cases involving "**child welfare**, custody, support and reciprocal support, **dependency**, **neglect**, and delinquency."  Tex. Gov't Code § 24.601(b)(4) (emphasis added).

15.    At the evidentiary hearing, the Texas State Court received evidence that: neither of Karla's parents has ever provided physical care or financial support to her; Karla has never known her father's identity; Karla has no memory of her mother because she left her for the United States as an infant; and Karla's mother is now serving a life sentence in New York for sexual assault on her own child, Karla's half-sister.

16.    The Texas State Court also heard testimony from a Child Advocate Supervisor at the Young Center for Immigrant Children's Rights.  The Child Advocate Supervisor testified to her findings contained in her comprehensive "Best Interests Recommendation" report, which the Texas State Court admitted into evidence.  The report, and the Child Advocate Supervisor's testimony, informed the court, *inter alia*:

> We strongly recommend that it is in Karla's best interests: (1) not to be reunified with either of her parents because she was abandoned and neglected by both her mother and her father (2) not to be returned to El Salvador where she is subject to domestic labor and would be an extremely vulnerable young woman with no responsible adult to care for her.

17.    The Texas State Court then admitted additional documentary evidence, including a certified copy of Karla's birth certificate, a Verification of Release Form from the Office of Refugee Resettlement, and Karla's Declaration.  The Texas State Court then heard closing argument of counsel.

18.    The Texas State Court, based on the factual evidence provided, found that Karla was dependent upon the court. The court informed counsel and Karla after argument that it would grant the relief sought and enter a dependency order.  The next day, on January 26, 2018, the Texas State Court entered the Final Order for Declaratory Judgment (the "Dependency Order").  *Ex. A.*

19.    In the Dependency Order, the Texas family Court found as to Karla, who was then seventeen years old, the following among other things:

> **This Court of the State of Texas has jurisdiction** under Texas Government Code§ 24.008 **and is acting as a "juvenile court"** insofar as it has the responsibility under Texas Government Code § 24.601(b)(4) **for cases involving "child welfare, custody, support and reciprocal support, dependency, neglect, and delinquency."**

*Ex. A* at 1 (emphasis added).

> **[The] Texas statute tasks this Court with making determinations as to issues of child welfare, including "dependency." Tex. Govt. Code § 24.601(b)(4).** Because "dependency" is undefined by that statute, this Court looks to the particular meaning of that word provided by prior legislative definition in Texas. Former Texas statute, at Vernon's Texas Civil Statute § 2330, defined the term "dependent child" or "neglected child" as a child "who is dependent upon the public for support or who is destitute, homeless or abandoned; or who has not [*sic*] proper parental care or guardianship." The term also appeared in the 1974 introduction of Title 2, Section 17.04 of the Texas Family Code, providing that a child could be found "dependent" on the court through a "showing that the child is apparently without support and is dependent on society for protection." A 1979 amendment to that section clarified that a child could be found dependent "if the court [found] sufficient evidence to satisfy a person of ordinary prudence and caution that there is a danger to the physical health and safety of the child." To give meaning to the term "dependency" found at Texas Government Code § 24.601(b)(4), the Court relies on the particular meaning found under prior legislative definitions provided by Texas statute. **Based on this definition of "dependency" and the findings of fact herein, the Court finds Karla Michelle Gonzalez Guevara is dependent upon this Court in accordance with the law of the State of Texas.  Specifically, Petitioner is without proper parental care and faces danger to her physical health and safety if returned to her home country and is therefore dependent on this Court for determinations as to her care and custody and for determinations as to her best interest.**

*Ex. A* at 2 (emphasis added).

This Court has the authority to issue declaratory judgments under Texas Civil Practice and Remedies Code § 37.003. Pursuant to Texas Civil Practice and Remedies Code § 37.011 **this Court retains continuing jurisdiction over care and custody determinations regarding Karla Michelle Gonzalez Guevara insofar as any further or supplemental relief is sought based on the findings herein.**

*Id.* at 3 (emphasis added).

**The Court finds that Karla Michelle Gonzalez Guevara ("Child') has been subjected to neglect by her mother, Gricelda Estela Gonzalez Guevara ("'Mother"), and father, Francisco Antonio Mejia ("Father"), as the term is defined under Texas Family Code § 261.001(4).** Father failed to provide substantial financial, material, emotional or any other form of support for the Child. Father has never had a relationship with the Child. Mother did not provide regular financial support for the Child and irregularly called to check on the welfare of the Child. Mother is currently serving a life sentence in New York for predatory sexual assault against a child, criminal sexual act in the first degree, use of a child in a sexual performance and rape in the first degree. According to Mother's disclosures, Mother was convicted of sex crimes against her own daughter, the Child's sibling.

*Id.* at 3-4 (emphasis added).

**The Court also finds that Child has been subjected to abandonment by her Mother and Father as the term is defined under Texas Family Code § Chapter 152.102.** Father abandoned the Child when she was born without explanation, and the Child has never known his identity or received communication from him. The Child's Mother abandoned the Child when she was between three months and two years old; the Child has no memory of meeting her Mother. Mother left for the United States and left the Child with her parents, the Child's maternal grandparents.

*Id.* at 4 (emphasis added).

**Reunification with Child's parents is not viable due to neglect and abandonment established herein.** Father's whereabouts are unknown and Father has never had a relationship with the Child. Father has not attempted to rectify neglect or abandonment thereby making the Child more vulnerable. Mother is currently serving a life sentence in New York for predatory sexual assault against a child, criminal sexual act in the first degree, use of a child in a sexual performance and rape in the first degree. As such, Mother is not suitable to provide adequate care for the Child.

*Id.* (emphasis added).

The Court also finds that the Child is under eighteen years of age and is unmarried.

*Id.*

> **It is not in Child's best interest to return to El Salvador, her country of nationality**, under the legal standard for best interest laid out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Under *Holley*, this Court considers, inter alia, the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the acts or omissions of the parent, and any excuse for the acts or omissions of the parent. *Id*. **The Court finds that Child's emotional and physical needs would not be best served by reunification with Child's father and mother but would further endanger Child's physical and emotional well-being.** Child does not have other family members in El Salvador who could provide adequate care, support and protection. Specifically, the Child's maternal grandmother is unable to provide for her well-being due to her elderly age and insufficient financial resources, and the Child's maternal grandfather and uncle are deceased. The Court finds that there is no one in El Salvador who is both willing and able to provide proper care for Child. **Thus, this Court finds that it is not in Karla Michelle Gonzalez Guevara['s] best interest to return to El Salvador, her country of nationality.**

*Id.* at 4-5 (emphasis added).

### USCIS Denies Karla SIJ Status

20.     On March 13, 2018, Karla submitted a Form I-360 for SIJ status.  USCIS received

Karla's SIJ Petition on March 14, 2018.

21.     On October 8, 2019, Defendants issued a Notice of Intent to Deny Karla's Form I-

360 ("NOID").  The NOID stated the following reasons for the denial of relief:

> 1.  You have provided USCIS with a copy of Final Order for Declaratory Judgement from State of Texas No. 2018-03850 dated January 26, 2018. This document is insufficient because it does not show dependency and placement/conservatorship.
>
> 2.  According to USCIS records, you were in the custody of the Office of Refugee Resettlement (ORR) at the time your court order was signed by the judge. **Custody with ORR, a federal entity, does not qualify as a valid placement as an SIJ must be declared dependent upon a juvenile court**, or be legally committed to, or placed under the custody of a state agency department, or of an individual or entity appointed by state or juvenile court. Section 101 (a)(27)(J)(i) of the Act; 6 USCIS Policy Manual, J.2(D).

*Ex. B, Notice of Intent to Deny* (emphasis added).

22.    Given the NOID's direct contradiction of the findings in the Dependency Order that

Karla "is dependent upon this Court in accordance with the law of the State of Texas," *Ex. A* at 2,

on November 5, 2019, Karla replied to the NOID, by again providing the order and providing other

supplemental evidence proving that she has in fact "been declared a dependent upon a Texas State

Court . . ." *Ex. C, Supplemental Response, Ex. 1*.  The evidence included the Dependency Order,

which is clear on its face, and a letter from Karla's attorney also explaining her dependency, as

determined by the Texas State Court, and citing authority.  On or around December 19, 2019,

Karla received USCIS's Notice of Denial, denying her SIJ Petition for SIJ classification.  *Ex. D* at

2.  Without explanation or justification, USCIS abandoned its previous rationale (that Karla was

in ORR custody) for denial as expressed in the NOID.  *Id*.  Instead USCIS based its denial on the

Texas State Court's supposed failure to make a finding as to Karla's dependency.  USCIS stated:

> USCIS does not question the state court's authority to issue
> declaratory judgments, but USCIS must determine whether the state
> court orders meet federal statutory and regulatory requirements for
> SIJ classification, and the court order must be subject to
> enforcement by the court in order to be considered. **Here there is
> no indication that the court declared [Karla] dependent or made
> any determination regarding your custody under any
> enforceable provision of Texas State law governing juvenile
> dependency or child custody**, which would demonstrate that the
> court is providing some type of relief from parental abuse,
> abandonment, neglect, or a similar basis under state law.

*Ex. D* at 2 (emphasis added).

23.    On January 16, 2020, Karla filed Form I-290B, Notice of Appeal or Motion, as a

Motion to Reopen or Reconsider ("Motion to Reopen or Reconsider"), with USCIS, attaching all

of the information previously filed with USCIS, including the Texas State Court's Dependency

Order, along with supplemental evidence attesting to Karla's highly regarded character and further

information on Karla's mother, who is currently incarcerated with New York State. *Ex. E, Mot. to Reopen*.

24.     Specifically, the Motion to Reopen or Reconsider briefed well-settled Texas law on the enforceability of declaratory judgments and noted that a declaratory judgment in Texas has "the full force and full effect of a final judgment or decree," and is subject to enforcement. *See Ex. E* at 9–10; Tex. Civ. Prac. & Rem. Code § 37.003(b).  The Texas Supreme Court has expressly held that "[a] trial court has an affirmative duty to enforce its judgment. And the Declaratory Judgments Act expressly empowers a trial court to make supplemental rulings to aid enforcement of a declaratory judgment." *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003) (citations omitted).  Texas courts have also been held to abuse their discretion when attempting to refuse to enforce declaratory judgments. *See id.* at 180.

25.     Despite this, on April 3, 2020, USCIS sent a "Decision", without any written explanation or reasoning, dismissing Karla's Motion to Reopen and Reconsider and affirming its earlier Decision to deny Karla's SIJ Petition. *Ex. F, Denial of Mot. To Reopen.*

26.     The April 3, 2020 Decision issued by USCIS is a final decision of the agency subject judicial review pursuant to 5 U.S.C § 704.  The denial of SIJ eligibility is a final agency action subject to judicial review because it marks the "consummation of the . . . decision making [sic] process" and is one "from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (internal quotation marks omitted).

27.     Karla now files this Complaint on the basis that USCIS's decisions to deny Karla's I-360, Petition for SIJ, and Karla's Motion to Reopen and Reconsider, were arbitrary and capricious and must be overturned.  The USCIS decisions are arbitrary and capricious and contrary to both federal and Texas state law.

## COUNT I

**(Violation of the APA: Arbitrary and Capricious Basing of the Agency's Decision on Its False Statement That the Texas Court Did Not Make a Dependency Finding; Ignoring Uncontradicted Evidence of Record to the Contrary)**

28.    Karla repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29.    Defendants are subject to the APA.  *See* 5 U.S.C. § 703.  The "comprehensive" scope of the APA provides a default remedy "for all interactions between individuals and all federal agencies." *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123 (9th Cir. 2009).

30.    The APA requires that courts "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law."  5 U.S.C. § 706(2)(A), (D).

31.    Defendants violated the APA by their arbitrary and capricious denial of Karla's SIJ Petition status and Karla's Motion to Reopen and Reconsider her SIJ Petition.

32.    USCIS's disregard of express findings by the Texas State Court exceeds the bounds of authority granted to it by Congress through the DHS consent requirement and creates an unjust and unlawful result.  USCIS states in its Notice of Denial of the SIJ Petition that there are no findings from the Texas State Court that "demonstrate that the court is providing some type of relief from parental abuse, abandonment, neglect, or a similar basis under state law." *Ex. D* at 2. Directly contrary to this erroneous statement, however, the Texas State Court expressly found that Karla's parents *are not fit* to provide adequate care, custody or control over Karla due to the danger to her physical health and safety related to their abandonment and neglect and thus determined that she was "dependent upon this Court in accordance with the law of the State of Texas." *Ex. A* at 2.

33.     On October 8, 2019, USCIS issued its NOID, again falsely stating that Karla had not been declared a dependent of the Texas State Court. Thereafter, in its decision, USCIS reiterated that "there is no indication that the court declared [Karla] dependent or made any determination regarding [her] custody under any enforceable provision of Texas State law governing juvenile dependency or child custody, which would demonstrate that the court is providing some type of relief from parental abuse, abandonment, neglect, or a similar basis under state law." *Ex. D* at 2. This is completely contrary to, and shows utter disregard of, the record that had been presented to the agency and the full faith and credit required to be given the Texas judgment.

34.     The Texas State Court issued a declaration as to Karla's dependency after finding that 1) she was abused, neglected, or abandoned as defined by various Texas child welfare statutes, and 2) she could not reunify with any one of her parents because of that neglect, abuse, and abandonment, in addition to the dangers to her physical and emotional well-being if any reunification were to occur. It is on this basis the Court granted Karla a declaratory judgment.

35.     The Dependency Order expressly acknowledges and bases its Order upon the Texas statute that empowers it to make determinations as to issues of child welfare, including "dependency." *See* Tex. Gov't Code § 24.601(b)(4). Section 24.601 of the Texas Government Code has been a duly codified fixture of Texas law since the 69th Legislative Session and took effect in 1985. It details the jurisdiction of a family district court as primarily responsible for cases involving "(1) adoptions; (2) birth records; (3) divorce and marriage annulment; (4) **child welfare**, **custody**, support and reciprocal support, **dependency**, **neglect**, and delinquency; (5) parent and child; and (6) husband and wife." Tex. Gov't Code § 24.601(b) (emphasis added). USCIS, through its Denial fails to properly recognize and defer to the judgment of the Texas State Court.

13

USCIS's findings are baseless and wholly inaccurate, and its denial of the SIJ petition based on them should be set aside.

36.    Under the governing federal statute, Texas state law determines whether Karla is "dependent" on a state court.  *See, e.g.*, 8 U.S.C. § 1101(a)(27)(J)(i).

37.    The Texas State Court's judgment (Dependency Order) is entitled to full faith and credit by USCIS and any other federal adjudicator.  *See* 28 U.S.C. § 1738.

38.    In sum, USCIS acted arbitrarily, capriciously, and contrary to law by refusing to recognize the Texas court's determination of dependency.  A final state court order regarding an issue of state law is owed full faith and credit by federal adjudicators.

### COUNT II

### (Violation of the APA:
### Imposing Requirements for SIJ Status Not Required or Authorized by Law)

39.    Karla repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40.    This Court recently issued an Opinion in *Doe v. Mayorkas*, which explicitly recognized the judgment of a Texas court declaring the petitioner in that case to be dependent upon the court, and held that USCIS had acted improperly in not giving it effect in its SIJ Status determination.  *See Doe*, 2022 WL 424978.  This Court remanded the matter back to USCIS for further consideration:

> the Texas Court's declaration that Doe was "dependent upon this juvenile court in accordance with the laws of Texas," pursuant to the Texas Uniform Declaratory Judgments Act and several sections of the Texas Family Code governing abuse and neglect, J.A. II at 185–86, is a declaration that Doe is "dependent on a juvenile court located in the United States" for purposes of SIJS eligibility, see 8 U.S.C. § 1101(a)(27)(J)(i). **The Texas Court's order did precisely what is required by the statute, and USCIS's decision to the contrary was not in accordance with law.**

*Id*. at *6 (emphasis added).

41.     The Dependency Order meets the requirements of 8 U.S.C. § 1101(a)(27)(J)(i) for a "declaration that [Karla] is 'dependent on a juvenile court located in the United States' for purposes of SIJS eligibility." *See id.* (quoting 8 U.S.C § 1101(a)(27)(J)(i)).  The NOID and the Denial impose requirements on what is necessary to a SIJ Status eligibility finding that are not present in the statute, and are therefore contrary to law.

## COUNT III

### (Violation of the APA; Arbitrary and Capricious Failure to Articulate the Basis for an Agency Change in Practice)

42.     Karla repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43.     Just before, and at the time of the filing of Karla's SIJ Petition, USCIS inexplicably began denying SIJ petitions for children such as Karla, who had obtained declaratory judgments. In particular, USCIS began to assert the following baseless positions in denying SIJS status:  (i) the State Family Court Order must cite the state law under which the dependency determination was made, (ii) the Texas Uniform Declaratory Judgments Act does not provide for any enforcement, and/or (iii) there is no indication that the State Family Court Order actually declared a child dependent despite plain language in the Order to that effect.  Based upon the abundant record of USCIS granting consent in cases where the underlying dependency declarations referred to SIJ status, Karla would have been found eligible by USCIS for SIJ relief and protected from deportation prior to its policy change.

44.     The government's decision to break from years of consistent practice and change the eligibility requirements for SIJ status relief for children who otherwise meet the statutory requirements violates the APA's prohibition against "arbitrary and capricious" agency action

because it is contrary to federal law, fails to defer to the state court's interpretation of its own laws, exceeds the authority delegated to the agency by Congress, and imposes requirements not contemplated by Congress.

45.    Moreover, the decision to impose additional requirements not present in the statute and not required under Texas law for a state court to issue SIJ status findings is also arbitrary and capricious because the government previously accepted similar predicate findings, and Defendants have not provided a reasoned analysis for their departure from this determination.

46.    Defendants' actions must be set aside as arbitrary and capricious because Defendants have not provided adequate reasons for their change in practice, or for their imposition of inconsistent requirements outside the statute.

**COUNT IV**

**(Violation of the APA; Failure to Engage in
Required Notice-and-Comment Rulemaking)**

47.    Karla repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

48.    The APA and 5 U.S.C. §§ 553, 706(2)(D) require that federal agencies conduct rulemaking before engaging in certain actions that, as a practical matter, have the force and effect of law.  USCIS is an "agency" under the APA, and its actions effectively implementing new legal requirements for SIJ status constitute "rule" making under the APA.  *See* 5 U.S.C. § 551(1), (4).

49.    In implementing the new USCIS requirements, the agency has changed the criteria necessary for obtaining SIJ relief.  Defendants did not follow the procedures required by the APA before taking this action.

50.     With exceptions that are not applicable here, such agency action must go through notice-and-comment rulemaking before it can be undertaken.  *See* 5 U.S.C. § 553.

51.     Defendants promulgated and implemented these rules without authority and without notice-and-comment rulemaking in violation of the APA, and the rules and the actions based on them must be set aside.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1.     Declare that Defendants' denial of SIJ status and imposition of new requirements for SIJ relief, contrary to requirements of state and federal law, were arbitrary and capricious and violate the Administrative Procedure Act;

2.     Declare that Karla meets the statutory requirements to be conferred SIJ status;

3.     Set aside the improper denial of Karla's SIJ Petition and remand to USCIS with instructions to grant Karla's SIJ Petition giving full effect to the Texas State Court's Dependency Order;

4.     Order that USCIS grant Karla reasonable attorneys' fees, costs, and other disbursements pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 or other applicable law; and

5.     Grant any other and further relief that this Court may deem just and proper.

Respectfully submitted,


*/s/ John Longstreth*
John Longstreth (DC Bar # 367047)
Brian D. Koosed (DC Bar # 1034733)
**K&L GATES LLP**
1601 K Street NW
Washington D.C., 20006-1600
Telephone: (202) 778-9000
Facsimile: (202) 778-9100
john.longstreth@klgates.com
brian.koosed@klgates.com


John F. Sullivan III
TX State Bar No. 19485010
*Pro Hac Vice forthcoming*
**LAW OFFICE OF JOHN F. SULLIVAN III, PLLC**
1306 Bobbitt Manor Lane
Houston, Texas  77055
Telephone: (281) 302-9363
john@sullivanlawiii.com


**ATTORNEYS FOR PLAINTIFF, KARLA
MICHELLE GONZALEZ GUEVARA**

July 14, 2022