# EXHIBIT A

1/25/2018 2:17 PM
Chris Daniel - District Clerk Harris County
Envelope No. 22066891
By: Angellia Dozier
Filed: 1/25/2018 2:17 PM
Pgs-6

CAUSE NO. 2018-03850

| | | | |
|---|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT | SENSX EPO 6 |
| K.M.G.G. | § | 309TH JUDICIAL DISTRICT | |
| CHILD | § | HARRIS COUNTY, TEXAS | |

## FINAL ORDER FOR DECLARATORY JUDGMENT

On this 25th day of January, 2018, the Court heard this case.

*Appearances*                                        no forms

The child subject of this suit, Karla Michelle Gonzalez Guevara, appeared by and through her next friend and pro bono attorney, Rikiya Thomas, and announced ready for trial.

*Jurisdiction and Domicile*

The Court, after examining the record, evidence, and arguments of counsel, finds that it has jurisdiction pursuant to Texas Government Code § 24.008 over the subject matter and parties in this case as "[t]he district court may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity." No other court has continuing, exclusive jurisdiction of this case or over the child subject of this suit, Karla Michelle Gonzalez Guevara. The Court further finds that at the time this suit was filed, Karla Michelle Gonzalez Guevara was a domiciliary of the State of Texas. All persons entitled to citation were properly cited.

This Court of the State of Texas has jurisdiction under Texas Government Code § 24.008 and is acting as a "juvenile court" insofar as it has the responsibility under Texas Government Code § 24.601(b)(4) for cases involving "child welfare, custody, support and reciprocal support, dependency, neglect, and delinquency."

FINAL ORDER FOR DECLARATORY JUDGMENT FOR K.M.G.G.                    1
500991232 v1

Texas statute tasks this Court with making determinations as to issues of child welfare, including "dependency." Tex. Govt. Code § 24.601(b)(4). Because "dependency" is undefined by that statute, this Court looks to the particular meaning of that word provided by prior legislative definition in Texas.[1] Former Texas statute, at Vernon's Texas Civil Statute § 2330, defined the term "dependent child" or "neglected child" as a child "who is dependent upon the public for support or who is destitute, homeless or abandoned; or who has not proper parental care or guardianship." The term also appeared in the 1974 introduction of Title 2, Section 17.04 of the Texas Family Code, providing that a child could be found "dependent" on the court through a "showing that the child is apparently without support and is dependent on society for protection." A 1979 amendment to that section clarified that a child could be found dependent "if the court [found] sufficient evidence to satisfy a person of ordinary prudence and caution that there is a danger to the physical health and safety of the child." To give meaning to the term "dependency" found at Texas Government Code § 24.601(b)(4), the Court relies on the particular meaning found under prior legislative definitions provided by Texas statute. Based on this definition of "dependency" and the findings of fact herein, the Court finds Karla Michelle Gonzalez Guevara is dependent upon this Court in accordance with the law of the State of Texas. Specifically, Petitioner is without proper parental care and faces danger to her physical health and safety if returned to her home country and is therefore dependent on this Court for determinations as to her care and custody and for determinations as to her best interest.

Venue is proper in this Court under Texas Civil Practice and Remedies Code § 15.002(a)(4), as Karla Michelle Gonzalez Guevara resides in Harris County, Texas.

---

[1] Statutory interpretation is a question of law in Texas. See, e.g., Cortez v. State, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). The Code Construction Act, codified in the Texas Government Code at Chapter 311, specifies: "(a) Words and phrases shall be read in context and construed according to the rules of grammar and common usage. (b) Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Tex. Govt. Code § 311.011.

FINAL ORDER FOR DECLARATORY JUDGMENT FOR K.M.G.G.    2
500991232 v1

Certified Document Number: 78424189 - Page 2 of 6

This Court has the authority to issue declaratory judgments under Texas Civil Practice and Remedies Code § 37.003. Pursuant to Texas Civil Practice and Remedies Code § 37.011 this Court retains continuing jurisdiction over care and custody determinations regarding Karla Michelle Gonzalez Guevara insofar as any further or supplemental relief is sought based on the findings herein.

*Jury*

A jury was waived, and all questions of fact and law were submitted to the Court.

*Record*

The record of testimony was duly reported by the court reporter for the 309th Judicial District Court.

*Child*

The court finds that the following individual is the subject of this suit:

| | |
|---|---|
| Name: | Karla Michelle Gonzalez Guevara |
| Sex: | Female |
| Date of Birth: | February 19, 2000 |
| Current Residence: | Southwest Keys Montezuma ORR Juvenile Detention Facility 15101 East Freeway Channelview, Texas 77530 |

*Findings*

After hearing the evidence and argument of counsel, and after reviewing all documents on file before the Court, the Court makes the following findings:

1) The Court finds that Karla Michelle Gonzalez Guevara ("Child") has been subjected to neglect by her mother, Gricelda Estela Gonzalez Guevara ("Mother"), and father, Francisco Antonio Mejia ("Father"), as the term is defined under Texas Family Code § 261.001(4). Father failed to provide substantial financial, material, emotional or any other

form of support for the Child. Father has never had a relationship with the Child. Mother did not provide regular financial support for the Child and irregularly called to check on the welfare of the Child. Mother is currently serving a life sentence in New York for predatory sexual assault against a child, criminal sexual act in the first degree, use of a child in a sexual performance and rape in the first degree. According to Mother's disclosures, Mother was convicted of sex crimes against her own daughter, the Child's sibling.

2) The Court also finds that Child has been subjected to abandonment by her Mother and Father as the term is defined under Texas Family Code § Chapter 152.102. Father abandoned the Child when she was born without explanation, and the Child has never known his identity or received communication from him. The Child's Mother abandoned the Child when she was between three months and two years old; the Child has no memory of meeting her Mother. Mother left for the United States and left the Child with her parents, the Child's maternal grandparents.

3) Reunification with Child's parents is not viable due to neglect and abandonment established herein. Father's whereabouts are unknown and Father has never had a relationship with the Child. Father has not attempted to rectify neglect or abandonment thereby making the Child more vulnerable. Mother is currently serving a life sentence in New York for predatory sexual assault against a child, criminal sexual act in the first degree, use of a child in a sexual performance and rape in the first degree. As such, Mother is not suitable to provide adequate care for the Child.

4) The Court also finds that the Child is under eighteen years of age and is unmarried.

5) It is not in Child's best interest to return to El Salvador, her country of nationality, under the legal standard for best interest laid out in Holley v. Adams. 544 S.W.2d 367, 371-72

FINAL ORDER FOR DECLARATORY JUDGMENT FOR K.M.G.G.                4
500991232 v1

(Tex. 1976). Under Holley, this Court considers, inter alia, the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the acts or omissions of the parent, and any excuse for the acts or omissions of the parent. Id. The Court finds that Child's emotional and physical needs would not be best served by reunification with Child's father and mother but would further endanger Child's physical and emotional well-being. Child does not have other family members in El Salvador who could provide adequate care, support and protection. Specifically, the Child's maternal grandmother is unable to provide for her well-being due to her elderly age and insufficient financial resources, and the Child's maternal grandfather and uncle are deceased. The Court finds that there is no one in El Salvador who is both willing and able to provide proper care for Child. Thus, this Court finds that it is not in Karla Michelle Gonzalez Guevara best interest to return to El Salvador, her country of nationality.

IT IS THEREFORE BY THE COURT ORDERED that the Petition for Declaratory Judgment shall be granted.

*Attorney's Fees*

IT IS ORDERED that attorney's fees are to be borne by the party who incurred them.

*Costs*

IT IS ORDERED that costs of court are to be borne by the party who incurred them.

*Clarifying Orders*

Without affecting the finality of this Order, this Court expressly reserves the right to make orders necessary to clarify and enforce this Order.

FINAL ORDER FOR DECLARATORY JUDGMENT FOR K.M.G.G.                 5
500991232 v1

*Relief Not Granted*

IT IS ORDERED that all relief requested in this case and not expressly granted is denied.

*Date of Order*

SIGNED on this _____ day of _____, 2018.

Signed:
1/26/2018

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

**K&L Gates LLP**
*Pro Bono Counsel*

By: _____
**RIKIYA N. THOMAS**
State Bar No. 24066187
Rikiya.Thomas@klgates.com
**JOHN F. SULLIVAN III**
State Bar No. 19485010
John.Sullivan@klgates.com
1000 Main Street, Suite 2550
Houston, Texas 77002
(713) 815-7309 (Telephone)
(713) 815-7301 (Facsimile)
**ATTORNEYS FOR PETITIONER**



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 12, 2018

Certified Document Number:     78424189

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**