# EXHIBIT B

October 8, 2019

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 25920
Overland Park, KS 66225



**U.S. Citizenship
and Immigration
Services**

KARLA MICHELLE GONZALEZ GUEVARA
c/o JOHN FRANCIS SULLIVAN III
K AND L GATES LLP
1000 MAIN STREET STE 2550
HOUSTON, TX 77002



MSC1890766994



RE: KARLA MICHELLE GONZALEZ GUEVARA
I-360, Petition for Amerasian, Widow(er), or Special Immigrant

A212-986-111

## NOTICE OF INTENT TO DENY

This letter is to notify you that U.S. Citizenship and Immigration Services (USCIS) intends to deny the Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, you submitted on March 14, 2018 to USCIS. You seek classification as a Special Immigrant Juvenile (SIJ) under section 101(a)(27)(J) of the Immigration and Nationality Act (INA).

Before this decision becomes final, USCIS is giving you an opportunity to submit evidence in an effort to overcome the grounds for denial.

Generally, to demonstrate eligibility for SIJ classification under INA 101(a)(27)(J), you must be under age 21 at the time of filing, unmarried, present in the United States, and submit order(s) issued by a juvenile court of competent jurisdiction located in the United States that contain the following rulings:

- You have been declared dependent on a juvenile court located in the United States or placed under the custody of or legally committed to:

    - an agency or department of a state within the United States, or
    - an individual or entity appointed by a state or juvenile court in the United States; and

- Reunification with one or both of your parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law; and

- Evidence that the juvenile court or other lawfully authorized agency, had determined that it is not in your best interest to be returned to your or to your parents' country of nationality or last habitual residence (El Salvador). The court order must also contain the factual basis for the court's findings.

Finally, USCIS must consent to granting you Special Immigrant Juvenile classification.

### Statement of Facts and Analysis, Including Ground(s) for Denial

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the benefit sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966); Title 8 Code of Federal Regulations (8 CFR) 103.2(b)(1). You must demonstrate you are eligible to be classified as a SIJ.

Based on a review of your case, USCIS finds that you have not demonstrated that your Form I-360 petition should be approved.

- You have provided USCIS with a copy of Final Order for Declaratory Judgment from the State of Texas No. 2018-03850 dated January 26, 2018. This document is insufficient because it does not show dependency and placement/conservatorship.

  According to USCIS records, you were in the custody of the Office of Refugee Resettlement (ORR) at the time your court order was signed by the judge. Custody with ORR, a federal entity, does not qualify as a valid placement as an SIJ. SIJ must be declared dependent upon a juvenile court, or be legally committed to, or placed under the custody of a state agency or department, or of an individual or entity appointed by a state or juvenile court. Section 101(a)(27)(J)(i) of the Act; 6 USCIS Policy Manual, J.2(D).

  Please provide evidence you have been declared dependent upon a juvenile court, or be legally committed to, or placed under the custody of a state agency or department, or of an individual or entity appointed by a state or juvenile court.

**How to Respond**

You may submit additional evidence in support of your petition and to show why USCIS should not deny your petition based on the reasons listed above. You must submit all evidence by November 7, 2019. If you do not respond, we will deny your Form I-360.

Please note that if you are submitting foreign language documents, you must also include complete and accurate English translations. The translator must certify that the translation is complete and accurate, and that he or she is competent to translate. Do not submit the English translations without the foreign language documents.

 Send your response to:

U.S. Department of Homeland Security

P.O. Box 25920

Overland Park, KS 66225

You should include a copy of this notice with your response.

If you need additional information, you can contact USCIS using our many online tools (uscis.gov/tools) including our virtual assistant, Emma.

Sincerely,



Robert M. Cowan
Director
Officer: OA-1510

**Attachment**

(Applicable Law/Regulation)

8 CFR 103.2

(b) Evidence and processing.

(1) Demonstrating eligibility. An applicant or petitioner must establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication. Each benefit request must be properly completed and filed with all initial evidence required by applicable regulations and other USCIS instructions. Any evidence submitted in connection with a benefit request is incorporated into and considered part of the request.

(16)(i) If the decision will be adverse to the application or petitioner and is based on derogatory information considered by [USCIS] and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered and opportunity to rebut the information and present information in his/her own behalf before the decision is rendered…

8 CFR 103.8

(b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

INA 101(a)(27)(J)

(J)  an immigrant who is present in the United States--

(i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;

(ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and

(iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status, except that--

(I) no juvenile court has jurisdiction to determine the custody status or placement of an alien in the custody of the Secretary of Health and Human Services unless the Secretary of Health and Human Services specifically consents to such jurisdiction; and

(II) no natural parent or prior adoptive parent of any alien provided special immigrant status under this subparagraph shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act.



8 CFR 204.11, Special immigrant status for certain aliens declared dependent on a juvenile court (special immigrant juvenile) *

(a) Definitions.

Eligible for long-term foster care means that a determination has been made by the juvenile court that family reunification is no longer a viable option. A child who is eligible for long-term foster care will normally be expected to remain in foster care until reaching the age of majority, unless the child is adopted or placed in a guardianship situation. For the purposes of establishing and maintaining eligibility for classification as a special immigrant juvenile, a child who has been adopted or placed in guardianship situation after having been found dependent upon a juvenile court in the United States will continue to be considered to be eligible for long-term foster care.

Juvenile court means a court located in the United States having jurisdiction under State law to make judicial determinations about the custody and care of juveniles.

(b) Petition for special immigrant juvenile. An alien may not be classified as a special immigrant juvenile unless the alien is the beneficiary of an approved petition to classify an alien as a special immigrant under section 101(a)(27) of the Act. The petition must be filed on Form I-360, Petition for Amerasian, Widow(er) or Special Immigrant. The alien, or any person acting on the alien's behalf, may file the petition for special immigrant juvenile status. The person filing the petition is not required to be a citizen or lawful permanent resident of the United States.

(c) Eligibility. An alien is eligible for classification as a special immigrant under section 101(a)(27)(J) of the Act if the alien:

(1) Is under twenty-one years of age;

(2) Is unmarried;

(3) Has been declared dependent upon a juvenile court located in the United States in accordance with state law governing such declarations of dependency, while the alien was in the United States and under the jurisdiction of the court;

(4) Has been deemed eligible by the juvenile court for long-term foster care;

(5) Continues to be dependent upon the juvenile court and eligible for long-term foster care, such declaration, dependency or eligibility not having been vacated, terminated, or otherwise ended; and

(6) Has been the subject of judicial proceedings or administrative proceedings authorized or recognized by the juvenile court in which it has been determined that it would not be in the alien's best interest to be returned to the country of nationality or last habitual residence of the beneficiary or his or her parent or parents; or

(7) On November 29, 1990, met all the eligibility requirements for special immigrant juvenile status in paragraphs (c)(1) through (c)(6) of this section, and for whom a petition for classification as a special immigrant juvenile is filed on Form I-360 before June 1, 1994.

(d) Initial documents which must be submitted in support of the petition.

(1) Documentary evidence of the alien's age, in the form of a birth certificate, passport, official foreign identity document issued by a foreign government, such as a Cartilla or a Cedula, or other document which in the discretion of the director establishes the beneficiary's age; and

(2) One or more documents which include:

(i) A juvenile court order, issued by a court of competent jurisdiction located in the United States, showing that the court has found the beneficiary to be dependent upon that court;

(ii) A juvenile court order, issued by a court of competent jurisdiction located in the United States, showing that the court has found the beneficiary eligible for long-term foster care; and

(iii) Evidence of a determination made in judicial or administrative proceedings by a court or agency recognized by the juvenile court and authorized by law to make such decisions, that it would not be in the beneficiary's best interest to be returned to the country of nationality or last habitual residence of the beneficiary or of his or her parent or parents.

(e) Decision. The petitioner will be notified of the director's decision, and, if the petition is denied, of the reasons for the denial. If the petition is denied, the petitioner will also be notified of the petitioner's right to appeal the decision to the Associate Commissioner, Examinations, in accordance with part 103 of this chapter.

\* 8 CFR 204.11 has been superseded in part by the Trafficking Victims Protection and Reauthorization Act of 2008.

